IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Dallas David Lawter,                              )        C/A No. 0:13-3354-BHH-PJG
                                                  )
                    Petitioner,                   )
                                                  )
vs.                                               )        **REPORT AND RECOMMENDATION**
                                                  )
Warden Robert Stevenson, III,                     )
                                                  )
                    Respondent.                   )
_____           )

     Petitioner Dallas David Lawter, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 21.) Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Lawter was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 22.) Lawter filed a response in opposition.[1] (ECF No. 29.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Lawter's Petition denied.

---

    [1] This filing is actually entitled "Petitioner's Objections to the Magistrate's Report and Recommendation" and references an alleged Report and Recommendation entered on March 17, 2014. However, to date, the court has not issued a Report and Recommendation in this matter and a review of the docket sheet reflects that on March 17, 2014, the respondent filed his Return and Memorandum to Lawter's Petition and his Motion for Summary Judgment. Lawter's filing appears to contain arguments in response to the respondent's motion. For these reasons and considering that Lawter is self-represented, the court has construed this filing as Lawter's response in opposition to the respondent's motion for summary judgment.



## BACKGROUND

Lawter was indicted in June 2003 in Spartanburg County for possession with intent to distribute crack cocaine (03-GS-42-1921). (App. at 418-19, ECF No. 19-4 at 110-11.) Lawter was represented by Clay Allen, Esquire, and on June 28-30, 2004 was tried before a jury and found guilty as charged. (App. at 192, ECF No. 19-2 at 82.) The circuit court sentenced Lawter to twenty years' imprisonment. (App. at 201, ECF No. 19-3 at 1.)

Lawter timely appealed and was represented by Tara S. Taggart, Esquire, Assistant Appellate Defender, who filed an Anders[2] brief on Lawter's behalf that presented the following question:

Whether the trial judge erred in failing to grant a directed verdict of acquittal where there was insufficient evidence of guilt.

(ECF No. 19-6.) Lawter filed a *pro se* response to the Anders brief in which he raised the following issues:

ISSUE (A)    Did the Lower Court error when the prosecution was allowed to move faulty chain of custody evidence into the record, without a witness who was under subpoena called to testify as to the accuracy of the document entered?

ISSUE (B)    Did the Lower Court error in allowing the prosecution to go through the back door to get evidence into the record, that would infer the appellant guilt, when the arresting officer clearly stated that he did not advise appellant of his Miranda Rights before asking appellant if the items belong to him?

ISSUE (C)    Did the Lower Court error when it shifted the burden of proof in its charge to the jury?

---

[2] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.



(ECF No. 19-8) (errors in original).  On April 18, 2006, the South Carolina Court of Appeals filed an order dismissing Lawter's appeal.  (State v. Lawter, Op. No. 06-UP-219 (S.C. Ct. App. Apr. 18, 2006); ECF No. 19-9.)  The remittitur was issued on May 4, 2006.  (ECF No. 19-10.)

Lawter filed a *pro se* application for post-conviction relief on September 22, 2006 ("2006 PCR") in which he raised claims of ineffective assistance of trial and appellate counsel and prosecutorial misconduct, as well as challenging the indictment.  (See Lawter v. State of South Carolina, 06-CP-42-3125; App. at 204-75, ECF No. 19-3 at 4-75.)  The State filed a return.  (App. at 276-82, ECF No. 19-3 at 76-82.)  On September 15, 2008, the PCR court held an evidentiary hearing at which Lawter appeared and testified and was represented by J. Falkner Wilkes, Esquire. By order filed October 20, 2008, the PCR judge denied and dismissed with prejudice Lawter's PCR application.  (App. at 360-69, ECF No. 19-4 at 52-61.)  On March 17, 2009, Lawter filed a document with the South Carolina Supreme Court in which he sought a belated appeal of his PCR action pursuant to Austin v. State.[3]  (App. at 370-74, ECF No. 19-4 at 62-66.)  The court issued an Order on March 30, 2009, denying Lawter's request without prejudice to Lawter's rights to seek relief under Austin by filing a PCR application.  (App. at 376, ECF No. 19-4 at 68.)  The remittitur was issued April 15, 2009.  (App. at 377, ECF No. 19-4 at 69.)

Lawter filed a second *pro se* application for post-conviction relief on April 22, 2009 ("2009 PCR") raising numerous claims, which he later amended.  (See Lawter v. State of South Carolina, 09-CP-42-2455; App. at 378-84, ECF No. 19-4 at 70-76; see also ECF No. 20-2 at 15.)  The State

---

[3] Austin v. State, 409 S.E.2d 395 (S.C. 1991).  "Under Austin, a defendant can appeal a denial of a PCR application after the statute of limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal."  Odom v. State, 523 S.E.2d 753, 755 (S.C. 1999).



filed a return and motion to dismiss all allegations with the exception of Lawter's claim seeking Austin review. (App. at 385-91, ECF No. 19-4 at 77-83.) On September 13, 2010, the PCR court held an evidentiary hearing at which Lawter appeared and testified and was represented by Max T. Hyde, Jr., Esquire. The PCR court issued an Order on November 24, 2010 in which it found that all allegations not related to Lawter's belated Austin appeal should be dismissed with prejudice based on the doctrines of successiveness and the statute of limitations. As to Lawter's claim seeking Austin review, the PCR court denied and dismissed with prejudice Lawter's 2009 PCR application. (App. at 412-17, ECF No. 19-4 at 104-109.)

On appeal, Lawter was represented by Susan B. Hackett, Esquire, Assistant Appellate Defender, who filed a petition for a writ of certiorari on Lawter's behalf that presented the following question:

> The lower court erred in denying Petitioner's request for appellate review of his post-conviction relief application pursuant to Austin v. State, 305 S.C. 453, 409 S.E.2d 395 (1991) where the evidence demonstrated that Petitioner requested an appeal even before the evidentiary hearing, before the issuance of the order of dismissal, and in written correspondence with PCR counsel after the issuance of the order of dismissal.

(ECF No. 20-5.) The State filed a return. (ECF No. 20-6.) On October 10, 2013, the South Carolina Court of Appeals issued an Order denying Lawter's petition for a writ of certiorari. (ECF No. 20-8.) The remittitur was issued October 28, 2013. (ECF No. 20-9.) This action followed.[4]

## FEDERAL HABEAS ISSUES

Lawter's federal Petition for a writ of habeas corpus raises the following issues:

**Ground One:** Trial court erred in failing to grant [a] directed verdict where there was insufficient evidence[.]

---

[4] Lawter also filed a state habeas petition in the Spartanburg County Court of Common Pleas which was denied by Order filed July 6, 2010. (ECF Nos. 20-10 & 20-12.)



**Ground Two:** The State Courts erred in allowing the State to move evidence into the records, using a faulty chain of custody, without a witness who was under subpoena to testify to the accuracy of the document entered.

**Ground Three:** The State Courts erred in allowing the prosecution to go through the back door to get evidence into the records; that would infer Petitioner's guilt, when the arresting officer clearly stated he did <u>not</u> advise Petitioner of his <u>Miranda</u> right before questioning Petitioner.

**Ground Four:** The State Appellate Court erred in failing to find the trial shifted the burden of proof in <u>violation of Due Process</u>.

(Pet., ECF No. 1.)

## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the



entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## B.    Habeas Corpus Standard of Review

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor,



529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 131 S. Ct. at 786-87). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 131 S. Ct. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's

decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court.  Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id.  Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

## C.    Exhaustion Requirements

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies.  28 U.S.C. § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.").  To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted).  Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v.



Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Summary Judgment Motion**

**1.     Procedural Default**

As an initial matter, the respondent argues that to the extent that Lawter argues in his supporting facts for Ground Three that Deputy Stuart's reply testimony violated his Fifth Amendment rights, such a claim was defaulted in state court, and is therefore barred from federal habeas review. Lawter does not appear to respond or otherwise challenge this argument and, in fact, does not appear to even address this portion of Ground Three. Therefore, the court finds that to the extent this claim was included in Lawter's Petition, he has abandoned it. However, even if he did not abandon it, the court agrees that such a claim is procedurally barred from federal habeas review.

Specifically, this issue was not raised at trial and therefore was not preserved under state procedural rules for state appellate review during Lawter's direct appeal. See State v. Owens, 664 S.E.2d 80 (S.C. 2008) (holding that the appellant's confrontation clause challenge was not preserved for appellate review where no confrontation clause challenge was raised at trial); State v. Williams, 401 S.E.2d 168 (S.C. 1991) (stating that generally issues not raised to and ruled on by the trial court are not preserved for appellate review); see also Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"); Longworth, 377 F.3d at 448 (stating to exhaust his available state



court remedies, a petitioner must "fairly present[ ] to the state court both the operative facts and the controlling legal principles associated with each claim," *i.e.*, "the ground must be presented face-up and squarely") (internal quotation marks and citation omitted).  In fact, prior to Deputy Stuart's reply testimony, trial counsel conceded that the challenged testimony was admissible because of Lawter's testimony at trial.  (App. at 146, ECF No. 19-2 at 36.)  While trial counsel later raised an objection that part of Deputy Stuart's testimony was cumulative to his testimony during the State's case in chief, no objection was raised concerning Lawter's Fifth Amendment rights.  (See App. at 149-50, ECF No. 19-2 at 39-40.)  Therefore, this claim is procedurally barred, as Lawter has failed to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman, 501 U.S. at 750.

    **2.**    **Merits**

        **a.**    **Ground One**

In Ground One, Lawter argues that the trial court erred in denying his motion for a directed verdict because there was insufficient evidence to support his conviction at his trial.  Lawter appears to argue, as he did during his direct appeal, that the evidence revealed that he was charged with possession of crack cocaine with intent to distribute after he ran from Deputy Stuart, and that several items were found near Lawter after he fell, including a watch, keys, a lighter, and a small amount of crack cocaine.  Lawter testified in his own defense, denying ownership of the crack cocaine.

Claims of sufficiency of evidence are cognizable on collateral review.  However, "a federal court's review of such claims is 'sharply limited.' "  Wilson v. Greene, 155 F.3d 396, 405 (4th Cir. 1998) (quoting Wright v. West, 505 U.S. 277, 296 (1992)).  "Federal review of the sufficiency of



the evidence to support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review." Wilson, 155 F.3d at 405-06 (citing Wright, 505 U.S. at 292).

When reviewing the sufficiency of the evidence to support a conviction, the critical inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); see also McDaniel v. Brown, 558 U.S. 120, 133 (2010) (*per curiam*) ("Jackson requires a reviewing court to review the evidence 'in the light most favorable to the prosecution.' ") (quoting Jackson, 443 U.S. at 319).  Where there are conflicting inferences, the reviewing court must presume " 'that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " McDaniel, 558 U.S. at 133 (quoting Jackson, 443 U.S. at 326).  In evaluating a Jackson sufficiency of the evidence claim in a federal habeas petition, the relevant inquiry is "whether a state court determination that the evidence was sufficient to support a conviction was an objectively unreasonable application of [the standard enunciated in] Jackson." Williams v. Ozmint, 494 F.3d 478, 489 (4th Cir. 2007) (internal quotations and citations omitted) (alterations in original); see also Coleman v. Johnson, 132 S. Ct. 2060, 2062 (2012) (*per curiam*); McDaniel, 558 U.S. at 133-34 (evaluating a Jackson claim in accordance with the standard of review set forth in § 2254(d)(1)).

The trial transcript reveals that trial counsel moved for a directed verdict at the close of the State's case.  (App. at 100-01, ECF No. 19-1 at 102-03.)  The trial court denied this motion as well as the renewal of this motion at the close of the State's reply, thus finding sufficient evidence had been presented.  (App. 103, 153-54, ECF Nos. 19-1 at 105, 19-2 at 43-44.)  The South Carolina



Court of Appeals dismissed Lawter's appeal raising this issue; the appellate court mentioned the claims presented on appeal but did not otherwise discuss any of the claims in its opinion.  (ECF No. 19-9.)  However, as pointed out by the <u>Harrington</u> Court, review under § 2254 does not require a statement of reasons.  <u>Harrington</u>, 131 S. Ct. at 784.  Therefore, Lawter must show that there was no reasonable basis for the state court to deny relief, <u>id.</u>, and the court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court.  <u>Id.</u> at 786; <u>see also</u> 28 U.S.C. § 2254(d).

Upon review of the record, viewing the evidence in the light most favorable to the prosecution and resolving any conflicting inferences in favor of the prosecution, the court concludes that Lawter cannot demonstrate that there was insufficient evidence at trial from which any rational trier of fact could have found that Lawter was guilty of possession of crack cocaine with intent to distribute as defined under state law beyond a reasonable doubt.  <u>See</u> <u>Jackson</u>, 443 U.S. at 319; <u>see also</u> <u>McDaniel</u>, 558 U.S. at 133-34; S.C. Code Ann. § 44-53-375.  The evidence supporting Lawter's conviction is adequately summarized in the respondent's memorandum in support of the motion for summary judgment.  (ECF No. 19 at 29-30.)

As stated above, Lawter appears to simply continue to assert that the trial court's denial of his motion for a directed verdict was in error due to insufficient evidence.  However, the relevant question is whether viewing the evidence presented in the light most favorable to the prosecution "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  <u>Jackson</u>, 443 U.S. at 319.  The court finds that Lawter has failed to demonstrate that the



state court's decision was so fundamentally unfair that it resulted in a denial of due process. See 28 U.S.C. § 2254(a) (stating that a writ of habeas corpus is available for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). As Lawter has failed to show that there was no reasonable basis for the trial court's denial of Lawter's motion for a directed verdict and the state appellate court's dismissal of his appeal, he cannot demonstrate that those decisions were an "objectively unreasonable application of [the standard enunciated in] Jackson." Williams, 494 F.3d at 489; see also 28 U.S.C. § 2254(d)(1). Accordingly, Lawter is not entitled to habeas relief on Ground One.

  **b.    Ground Two**

  In Ground Two, Lawter argues that the trial court erred in allowing certain evidence to be admitted because of an alleged faulty chain of custody. The respondent argues that this ground is not cognizable because it asserts errors of state law and does not involve an improper application of federal law. Lawter's response continues to argue that the trial court erred in allowing this evidence to be admitted over trial counsel's objections pursuant to Rule 6 of the South Carolina Rules of Criminal Procedure; however, Lawter's response does not challenge the respondent's argument that this ground fails to state a cognizable habeas claim.

  "[I]t is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."). Furthermore, "in considering federal habeas corpus issues involving state evidentiary rulings, 'we do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair



proceeding.' " <u>Barbe v. McBride</u>, 521 F.3d 443, 452 (4th Cir. 2008) (quoting <u>Burket v. Angelone</u>, 208 F.3d 172, 186 (4th Cir. 2000)).  Upon review of all of the filings in this matter and the record before the court, the court finds that Lawter cannot demonstrate that the state court misapplied federal law, or that the alleged evidentiary error, if there even was one, was so extreme as to deny Lawter a constitutionally fair proceeding.  Therefore, Lawter is not entitled to habeas relief on this ground.

### c.    Ground Three

In Ground Three, Lawter argues that the trial court erred in allowing certain testimony about the conversation between him and Deputy Stuart to be admitted at his trial.  With regard to Deputy Stuart's testimony during the State's main case, Lawter's argument stems from the fact that immediately after Stuart placed Lawter under arrest, Stuart did not issue Lawter his <u>Miranda</u> warnings before asking Lawter questions about whether he owned items found in his immediate vicinity, including the crack cocaine.  During direct examination, Stuart testified that he called out to Lawter outside of a motel, and in response, Lawter "took off running" through a breezeway and into the wood line at the rear of the motel.  Stuart stated that Lawter tripped and after Lawter fell, Stuart placed Lawter under arrest.  Stuart found several items immediately around Lawter including keys, a watch, a black plastic 35-millimeter film cannister, a baggy, and several items that Stuart perceived to be cocain rocks scattered on the ground.  (App. at 30-31, ECF No. 19-1 at 32-33.)  When the solicitor asked Stuart, "The lighter, the watch, and the keys that are photographed in State's Exhibit No. 1, were you able to determine who those, those belonged to," trial counsel objected and a bench conference was held.  (App. at 35, ECF No. 19-1 at 37.)  Further discussion revealed that Stuart asked Lawter whether each of the items around him belonged to him after he was



placed under arrest but before any <u>Miranda</u> warnings were given.  In response to these questions, Lawter indicated that the lighter, the keys, and the watch were his, but the other items were not.  The trial judge ruled that he would not allow the question if the basis for Stuart's responses were the responses provided by Lawter; however, the court did allow the solicitor to ask Stuart, over trial counsel's objection, what Stuart did with the lighter, the keys, the watch, the film cannister, and the rock-like substance.  Stuart indicated that he gave the lighter, the keys, and the watch to Lawter and took the remaining items into his possession to put into evidence.  (App. at 36-41, ECF No. 19-1 at 38-43.)

Trial counsel argued that he believed Stuart's testimony revealed Lawter's inadmissible responses through the back door even though no specific testimony was given regarding anything Lawter stated to Stuart after he was arrested.  Lawter generally reasserts trial counsel's arguments in support of his position that the trial court violated his Fifth Amendment rights.  Pursuant to <u>Miranda v. Arizona</u>, "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination."  <u>Miranda v. Arizona</u>, 384 U.S. 436, 444 (1966).  The trial court did not permit the solicitor during the State's direct case to ask questions that where the basis for Stuart's responses were obtained from questions he asked Lawter prior to receiving his <u>Miranda</u> warnings.  Upon review of the trial transcript and the parties' arguments, Lawter has failed to demonstrate that the trial court's rulings were contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court.

Further, as stated above, to the extent that Lawter's argument rests on questions presented to Stuart during his reply testimony, as stated above, this argument is procedurally barred from federal habeas review. Moreover, even if this argument were not procedurally barred, for the reasons argued in detail by the respondent, Lawter would not be entitled to federal habeas relief on this ground. (See Resp't's Mem. Supp. Summ. J. at 33-36, 37-39, ECF No. 19 at 33-36, 37-39.)

### d.    Ground Four

In Ground Four, Lawter argues that the trial court violated due process in shifting the burden of proof by including a jury charge that allowed the jury to infer Lawter was guilty of possession with intent to distribute crack cocaine when he was found to be in possession of more than one gram of that substance. Section 44-53-375(B) of the South Carolina Code states that possession of more than one gram of cocaine base is *prima facie* evidence of guilt of possession with intent to distribute.

With regard to this issue, the solicitor requested that the code regarding the inference be instructed to the jury. The trial transcript reflects that after the trial judge inquired whether there was a question as to charging inferences, the following exchange occurred:

> SOLICITOR WILLINGHAM:  Yes, Your Honor.
> I'd ask that, not the exact language of 44-53-375, but language relating to that where under Subsection (b)(3), the statute says possession of one or more grains of ice, crank, or crack cocaine is prima facie evidence of a violation of the subsection. I don't know that the Court can read it like that as it being a prima facie case.
> I think the proper way to do it would be inference, which the judge, which the jury may accept or reject that possession of more than one gram of crack cocaine is evidence of PWID.
> MR. ALLEN:  Your Honor, I object to charging such language even as suggested by the solicitor to modify.  Well, first, I mean I agree with the solicitor that if the Court were to charge the exact language of the statute, that that would, in effect, be a type of burden shifting, which those, types of charges have, have been held not in favor by the appellate courts. But there is -- our, our State Constitution provides, in part, that Article 5, I think it's, I think it's Article 5, Section 21, that judges shall not charge juries in respect to matters of fact, but shall declare the law.



Charging inferences is essentially, in my opinion, charging them as to matters of fact. You would be highlighting a certain fact and telling the jury how they may or may not consider it. Essentially, this jury is gonna hear that they can determine the intent to distribute solely from the weight, and we haven't heard any testimony -- we've heard some testimony about what one officer believes it means. But to hear it from the bench I think is, is a lot different in the jury's eyes.

I don't think most lay people understand the difference between inference, implications, prima facie, or any of that. All they hear is the judge says more than an ounce could be evidence of intent.

For that reason, I believe a charge like that, even as modified as the solicitor is requested, runs counter to our Constitutional prohibition prohibiting judges from charging juries as to matters or in respect to matters of fact.

SOLICITOR WILLINGHAM: Your Honor, respectfully, I don't think the charge, the Court's charge would be a charge on the facts. It's a charge on the law. Straight out of the law books at 44-53-375, which modification of not is shifting the burden.

Your Honor, this has been dealt with in <u>State versus Andrews</u>. I wish I had that case to give you. But it's 479 S.E.2d 808, 1998 Court of Appeals case. And what they suggest is a jury charge in PWID cases.

It says I charge you possession of more than one gram gives rise to permissive inference of a violation of law. Resulting implication only permits rather requires the jury to infer a violation of the section. This permissive inference does not relieve the State from actually proving beyond a reasonable doubt the element of intent to distribute. This permissive inference is simply an evidentiary fact to be taken into consideration by the jury along with the other evidence in the case to be given such weight as the jury determines it should receive.

I think that's no more a comment on the facts then if you have a burglary case you charge every element of burglary, murder case you charge every element of murder. You have to charge the law and I think that's what the Court will be doing if you provide that instruction as set forth in <u>State versus Andrews</u>.

MR. ALLEN: This - - I agree that the, there have been appellate decisions which have talked about essentially proved such charges as the solicitor has most recently quoted. I don't know of any case that has actually dealt with our constitutional prohibitions that says judge charging on facts with respect to these permissive inferences. And that's why I raise it.

This will be similar, in a way, to charging that, which I don't think any Court does, that in a criminal sexual conduct case, that the jury may consider the evidence solely of the prosecuting witness or the victim, and I think that's essentially all they need. I know some solicitors have asked for that charge and some Courts have ruled that it's a matter of whether or not there's enough evidence for a determination of whether or not a directed verdict motion should be granted, and not necessarily something that should be charged. And I think these type of charges fall in that same category.



While the Legislature may [have] passed an act making it prima facie evidence, that does not necessarily mean that it should be charged to the jury because it's up to the jury to decide what the intent is and rather whether the intent had been proven and not necessarily up to the Legislature to pronounce possession of more than one gram of crack cocaine is evidence of intent.

SOLICITOR WILLINGHAM: And Your Honor, it's absolutely no different, what I'm asking the Court to do, is absolutely no different than a murder case when the Court charges malice to infer that malice may be inferred from the use of a deadly weapon. There's no difference. And I don't think that that's an improper comment on the facts. It's properly charging the law.

THE COURT: All right. And it's Article 5?

MR. ALLEN: I think it's Article 5, Section 21. I've printed off part of it or actually it's Section 21. I think it's Article 5. It doesn't really refer to the article in it, Your Honor.

(App. at 119-23, ECF No. 19-2 at 9-13.) The trial court later advised counsel as to the jury charges

and trial counsel renewed his objection to the proposed charge. (App. at 158, ECF No. 19-2 at 48.)

The trial judge ultimately charged the jury with regard to the challenged charge as follows:

. . . .

Mere presence at the scene where the drugs were found is not enough to prove possession. Actual knowledge of presence of the crack cocaine is strong evidence of the defendant's intent to control [its] disposition or use.

The State must also prove a, beyond a reasonable doubt, that the defendant intended to distribute the crack cocaine. Distribute means to deliver other than by administering or dispensing a drug.

Intent may be shown by acts and conduct of the defendant and other circumstances from which you may naturally and reasonably infer intent. In determining whether the defendant had the intent to distribute the crack cocaine, you may consider the circumstances surrounding the defendant's alleged possession. You may also consider the amount of the substance alleged to have been possessed, the manner in which it was allegedly possessed, the place where it was allegedly possessed, and other factors which you consider to be important. You must find the defendant did not intend to have the crack, the crack solely for his own use.

Possession of more than one or more grams of crack cocaine creates an inference that the defendant possessed the crack cocaine with intent to distribute it. This inference does not relieve the State from proving, beyond a reasonable doubt, that the defendant had the intent to distribute. It is simply an evidentiary fact to be taken into consideration by you along with other evidence in the case, and to be given the weight you decide it should have.



> Ladies and gentlemen of the jury, if you find that the defendant has failed to prove, beyond a reasonable doubt, that the defendant is guilty of possession with intent to distribute crack cocaine, you may consider whether the State has proved, beyond a reasonable doubt, that the defendant is guilty of possession of crack cocaine. Possession does not require an intent to distribute the crack cocaine.
>     . . . .

(App. at 188-89, ECF No, 19-2 at 78-79.)

The Due Process Clause " 'protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.' " Francis v. Franklin, 471 U.S. 307, 313 (1985) (quoting In re Winship, 397 U.S. 358, 364 (1970)). This constitutional principle "prohibits the State from using evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime." Id. Thus, the Supreme Court has held that mandatory presumptions violate the Due Process Clause if they relieve the State of the burden of persuasion on an element of the offense. See id. at 314; Sandstrom v. Montana, 442 U.S. 510, 520-24 (1979). By contrast, "[a] permissive inference does not relieve the State of its burden of persuasion because it still requires the State to convince the jury that the suggested conclusion should be inferred based on the predicate facts proved. . . . A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." Francis, 471 U.S. at 314-15 (citing Ulster Cnty. Court v. Allen, 442 U.S. 140, 157-163 (1979)).

In this case, the charge reflects that the inference regarding the amount in possession was a permissive inference, not a mandatory presumption. See Francis, 471 U.S. at 314 ("A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate

facts.  A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion.") (footnote omitted).  As charged by the trial court, the "inference does not relieve the State from proving, beyond a reasonable doubt, that the defendant had the intent to distribute.  It is simply an evidentiary fact to be taken into consideration by [the jury] along with other evidence in the case, and to be given the weight [the jury] decide[s] it should have."  (App. at 189, ECF No. 19-2 at 79.)   Lawter appears to point to several Supreme Court cases discussing reasonable doubt generally; however, with regard to this issue presented in this matter, he has failed to show that the instruction suggested a conclusion that "is not one that reason and common sense justify in light of the proven facts before the jury." Francis, 471 U.S. at 315.  Therefore, Lawter has not shown that the state court misapplied clearly established federal law or, even if there was an error, that it was unreasonable.  See Williams, 529 U.S. at 410; see also Harrington, 131 S. Ct. at 785.  Accordingly, Lawter is not entitled to federal habeas relief on this ground.

**RECOMMENDATION**

For the foregoing reasons, the court recommends that the respondent's motion for summary

judgment (ECF No. 21) be granted and Lawter's Petition denied.[5]

_Paige J. Gossett_
_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 19, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

_____

[5] To the extent that Lawter seeks an evidentiary hearing to submit new evidence to support his Petition, the court observes that its review for habeas corpus purposes is generally limited to the evidence that was placed before the state court. See Cullen v. Pinholster, 131 S. Ct. 1388, 1398, 1400 n.7 (2011); see also 28 U.S.C. § 2254(d)(2). Lawter has not established that any exception to this general rule applies here. See Cullen, 131 S. Ct. at 1400-01; see also 28 U.S.C. § 2254(e)(2). Therefore, such a request should be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).