IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dallas David Lawter, ) | Civil Action No.: 0:13-3354-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Warden Robert Stevenson, III, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner Dallas David Lawter ("the petitioner"), proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2254. (ECF No. 1.) This matter is before the Court on the respondent's motion for summary judgment. (ECF No. 21.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett, for pre-trial proceedings and a Report and Recommendation ("Report"). On December 19, 2014, Magistrate Judge Gossett issued a Report recommending that the respondent's motion for summary judgment be granted and the petition for writ of habeas corpus be denied. (ECF No. 33.) The Magistrate Judge advised the petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. (ECF No. 33 at 22.) The petitioner has filed no objections and the time for doing so expired on January 8, 2015

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of any

portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

After a thorough review of the record of this matter, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error. Accordingly, the Court adopts and incorporates the Report and Recommendation (ECF No. 33) by reference into this order.

It is therefore ORDERED that the respondent's motion for summary judgment (ECF No. 21) be GRANTED and the petition for writ of habeas corpus be DENIED.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See*

*Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

    IT IS SO ORDERED.


                                            /s/Bruce Howe Hendricks
                                            United States District Judge

March 27, 2015
Greenville, South Carolina


*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.